[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12495
Non-Argument Calendar

_____

D. C. Docket No. 04-00005-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 17, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Michael Williams, a federal prisoner, appeals pro se his conviction and

sentence for various drug offenses, possession of a firearm by a convicted felon,

money laundering, and structuring money transactions. Through counsel, Williams previously appealed his conviction and sentence to this Court, and we remanded for resentencing. Williams now raises arguments unrelated to his resentencing that we either rejected or did not address in his first appeal. We affirm.

Williams contends that the district court erroneously refused to discharge his appointed counsel and erred when it calculated the advisory sentencing guidelines range, but we rejected these arguments in Williams's first appeal. The doctrine of the law of the case bars reconsideration unless "(1) our prior decision resulted from a trial where the parties presented substantially different evidence from the case at bar; (2) subsequently released controlling authority dictates a contrary result; or (3) the prior decision was clearly erroneous and would work manifest injustice." Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285-86 & 1286 n.3 (11th Cir. 2004). None of these exceptions applies. Williams cites an intervening case of the Supreme Court, United States v. Gonzales-Lopez, __ U.S. __, 126 S. Ct. 2557 (2006), but this decision did not address any of the issues rejected in Williams's first appeal.

Williams also raises an argument we did not address in his first appeal that, even if not barred by the doctrine of the law of the case, still fails. Williams

contends that the district court deprived him of his Sixth Amendment right to counsel of choice by refusing to continue his trial and allow him additional time to retain counsel. The district court had "wide latitude in balancing the right to counsel of choice against the needs of fairness and . . . the demands of its calendar." Id. at 2565-66 (citations omitted). "Defendants are only guaranteed a fair or reasonable opportunity to select the attorney of their choice." United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005).

Williams was given a fair and reasonable opportunity to retain counsel. Williams informed the district court on August 31, 2004, that he intended to retain counsel, and the district court warned Williams to do so before Williams's upcoming trial. On October 25, 2004, the day his trial began, Williams had not yet retained counsel, but sought a continuance of an unspecified length. Williams asserted that he had spoken with Thomas Pittman, a private attorney, but Pittman was not present in court, had not contacted the district court, and could not be reached. Williams had not retained Pittman, and Williams could not verify that he had the means to do so. The district court did not abuse its discretion by denying Williams a continuance in the light of "the general interest in the prompt and efficient administration of justice." Id.

**AFFIRMED.**